UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALMIRA L. JACKSON,

       Plaintiff,

v.

                                  Case No. 14-13888
                                  Hon. Gerald E. Rosen
                                  Magistrate Judge Patricia T. Morris

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

# ORDER ADOPTING
# MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

       At a session of said Court, held in
      the U.S. Courthouse, Detroit, Michigan
      on            March 25, 2016

        PRESENT:    Honorable Gerald E. Rosen
                                United States District Judge

On July 22, 2015, Magistrate Judge Patricia T. Morris issued a Report and Recommendation ("R & R") recommending that the Court deny Plaintiff Almira L. Jackson's motion for summary judgment and grant the Defendant Commissioner of Social Security's motion for summary judgment. Plaintiff filed objections to the R & R on August 4, 2015, and Defendant responded to these objections on August 18, 2015. Upon reviewing the R & R, Plaintiff's objections, Defendant's response, the parties' underlying cross-motions for summary

judgment, and the record as a whole, the Court overrules Plaintiff's objections and adopts the R & R in its entirety.

Plaintiff's five objections to the R & R largely reiterate the arguments advanced in her underlying summary judgment motion, and the Court is satisfied that the Magistrate Judge thoroughly addressed and correctly resolved each of these points in the R & R. First, Plaintiff contends that the Administrative Law Judge ("ALJ") erred by characterizing one of her severe impairments as "rheumatoid arthritis," (*see* Admin. Record at 13), without specifying that this condition affects her wrists. The Magistrate Judge, however, analyzed precisely this issue in the R & R, (*see* R & R at 22-23), and Plaintiff fails to acknowledge, much less identify any purported defects in, the Magistrate Judge's treatment of this issue. As Defendant observes, objections to an R & R must be directed "specific[ally]" at the Magistrate Judge's "proposed findings and recommendations" in the R & R itself, Fed. R. Civ. P. 72(b)(2), and not at the ALJ's decision. Otherwise, the initial reference of this matter to the Magistrate Judge would be rendered "useless," as this Court and the Magistrate Judge would be compelled to "perform [the] identical tasks" of addressing each argument advanced in Plaintiff's underlying summary judgment motion. *Howard v. Secretary of Health & Human Services,* 932 F.2d 505, 509 (6th Cir. 1991).

Accordingly, the Court declines Plaintiff's invitation to duplicate the Magistrate Judge's work as to the issue raised in Plaintiff's first objection.[1]

Plaintiff next objects that the ALJ improperly failed to recognize at step two of his analysis that Plaintiff's carpal tunnel condition rose to the level of a severe impairment. Again, the Magistrate Judge thoroughly addressed this issue, (*see* R & R at 23-28), and Plaintiff has little to say about any purported flaws in this analysis, as opposed to the ALJ's underlying decision. To the extent that Plaintiff's objection can be viewed as directed at any aspect of the Magistrate Judge's ruling, she appears to complain that the Magistrate Judge, like the ALJ, identified insufficient grounds for discounting the opinion of physician's assistant Cheryl Boyd. Because Plaintiff has raised this issue as a separate objection to the R & R, the Court will return to this question below.

---

[1] Plaintiff complains that the Magistrate Judge faulted her for "citing no case law in support of" the argument reiterated in her first objection to the R & R, (*see* R & R at 22), when in fact she referred to a Social Security ruling and an unpublished district court decision in her response in opposition to Defendant's motion for summary judgment. As observed by the Defendant Commissioner, however, these authorities do not bear on the issue raised in Plaintiff's summary judgment motion and analyzed by the Magistrate Judge — namely, whether this Court's review of the ALJ's decision is hindered by the ALJ's purportedly "generalized" and "non-specific" step two finding that Plaintiff suffers from rheumatoid arthritis, where the ALJ failed to expressly acknowledge in the step two portion of his decision that this condition affects Plaintiff's wrists. (*See* R & R at 22.) More generally, the Magistrate Judge aptly noted that Plaintiff's brief in support of her summary judgment motion was wholly bereft of citation to any "case law whatsoever . . . beyond that necessary to establish the standard of review," (R & R at 22), and Plaintiff does not (and cannot) dispute the accuracy of this observation.

As her third objection to the R & R, Plaintiff contends that the Magistrate Judge engaged in impermissible *post hoc* rationalization by discounting the opinion of Cheryl Boyd on a ground not relied upon by the ALJ — namely, as inconsistent with Plaintiff's own account of her daily activities.[2] In Plaintiff's view, the Magistrate Judge's "redraft[ing]" of the ALJ's decision, (*see* Plaintiff's 8/4/2015 Objections at 7), runs afoul of the "fundamental rule of administrative law" that a reviewing court must "judge the propriety of [an administrative agency's decision] solely by the grounds invoked by the agency," and not "by substituting what it considers to be a more adequate or proper basis." *SEC v. Chenery Corp.,* 332 U.S. 194, 196, 67 S. Ct. 1575, 1577 (1947). Yet, in determining whether substantial evidence supports a challenged finding by the ALJ — here, the ALJ's decision to discount the opinion of a physician's assistant — the Sixth Circuit has instructed that judicial review of this finding "must be based on the record as a whole," including those portions of the record that "the ALJ failed to cite" in his decision. *Heston v. Commissioner of Social Security,* 245 F.3d 528, 535 (6th Cir. 2001). Thus, the Magistrate Judge properly looked to

---

[2]In the course of this objection, Plaintiff criticizes the ALJ's characterization of her daily activities as "one-sided." (Plaintiff's 8/4/2015 Objections at 5.) Again, however, Plaintiff's objections to the R & R cannot serve as a forum for critiquing the ALJ's decision, but instead provide only an opportunity for identifying alleged defects in the Magistrate Judge's proposed findings and recommendations.

the record as a whole, as opposed to engaging in *post hoc* rationalization, in reviewing the ALJ's decision to give little weight to the opinion of Cheryl Boyd.[3]

Next, Plaintiff squarely raises the objection that underlies most of her challenges in this case, both in her underlying summary judgment motion and in her objections to the R & R — namely, that the ALJ erroneously discounted the opinion of physician's assistant Cheryl Boyd. Plaintiff notes that the ALJ gave three reasons for discounting this opinion, but she suggests that each of these reasons is deficient in some way. First, she contends that the ALJ too readily dismissed Ms. Boyd's opinion on the ground that "a physician's assistant is not an acceptable medical source." (Admin. Record at 19.) Yet, as explained by the Magistrate Judge, (*see* R & R at 25), the ALJ did not altogether reject Ms. Boyd's opinion on this ground, but merely noted that this "other source" opinion could not "establish the existence of a medically determinable impairment," (Admin. Record at 19). Following this observation — the accuracy of which Plaintiff does not

---

[3]Apart from this substantial evidence challenge, Plaintiff's objections could be viewed as raising an additional claim that the ALJ failed to comply with the requirements of Social Security Ruling 06-03p in determining the weight to be given to Ms. Boyd's opinion. (*See* Plaintiff's 8/4/2015 Objections at 3-4.) If so, Defendant correctly points out that because Plaintiff did not advance this argument in her underlying summary judgment motion, she may not do so in the first instance in her objections to the Magistrate Judge's R & R. *See Murr v. United States,* 200 F.3d 895, 902 n.1 (6th Cir. 2000); *Fielder v. Commissioner of Social Security,* No. 13-10325, 2014 WL 1207865, at *1 (E.D. Mich. March 24, 2014).

challenge — the ALJ then proceeded to cite other factors that led him to conclude that Ms. Boyd's opinion should be given little weight. Plaintiff fails to suggest anything improper in the ALJ's accurate statement that a physician's assistant is not deemed an "acceptable medical source" under the pertinent Social Security regulations.

Plaintiff next argues that the ALJ improperly relied on a negative inference in noting the absence of an "electromyography or nerve conduction study" that might have "demonstrate[d] neuropathy" or "justif[ied] manipulative limitations" of the sort identified by Ms. Boyd. (Admin. Record at 19.) As the Defendant Commissioner points out in response, however, the case law recognizes that "the lack of treatment records" can serve as an appropriate basis for discounting the opinion of a medical source. *Jordan v. Commissioner of Social Security,* No. 10-11833, 2011 WL 891198, at *5 (E.D. Mich. Jan. 14, 2011), *report and recommendation adopted,* 2011 WL 891240 (E.D. Mich. March 11, 2011).[4] In

---

[4] The cases cited by Plaintiff are not to the contrary. In one, the court found that the ALJ had improperly relied on a negative inference "in the context of" applying a Social Security Ruling that is not implicated in this case. *Manson v. Commissioner of Social Security,* No. 12-11473, 2013 WL 3456960, at *9 (E.D. Mich. July 9, 2013). In the other, the court held that the ALJ had improperly drawn a negative inference from the claimant's inability to obtain a supportive assessment from her treating physician, explaining that under the circumstances "there [we]re a number of reasons why" the claimant might have been unable to secure this assessment. *Dent v. Astrue,* No. 07-2238, 2008 WL 822078, at *19 (W.D. Tenn. March 26, 2008). Here, in contrast, Plaintiff does not claim that the ALJ failed to consider possible explanations for the unavailability of

addition, the ALJ pointed more generally to the inconsistency between Ms. Boyd's opinion and the medical record as a whole, citing the absence of two particular sorts of supportive studies only as an example of the overall lack of evidentiary support for Ms. Boyd's findings. (*See* Admin. Record at 19.) Plaintiff does not dispute that the ALJ was entitled to rely on the absence of supporting medical evidence as an appropriate ground for discounting Ms. Boyd's opinion.[5]

Plaintiff also takes issue with the third reason given by the ALJ for discounting Ms. Boyd's opinion — namely, that Ms. Boyd's finding of "pain or other symptoms . . . severe enough to interfere with the attention and concentration needed to perform even simple tasks" was contradicted by Plaintiff's own statement "that she has no deficits in her memory or concentration." (Admin. Record at 19.) In Plaintiff's view, the ALJ's reasoning on this point is inconsistent with the finding later in his decision that "a moderate limitation [in] concentration, persistence and pace is warranted." (*Id.* at 20.) This is another new

---

the studies mentioned in his decision.

[5]To be sure, Plaintiff argues elsewhere in her objections that there was sufficient evidence of "bilateral hand and wrist pain," as well as treatments such as wrist splints and medications, to lend support to the manipulative limitations identified by Ms. Boyd. (Plaintiff's 8/4/2015 Objections at 7.) As explained in the R & R, however, other medical evidence in the record was inconsistent with Ms. Boyd's assessment of Plaintiff's conditions and limitations. (*See* R & R at 26-27.) The ALJ was obligated to consider and weigh the entirety of this record, and could rely on any resulting inconsistency as a basis for discounting Ms. Boyd's opinion.

7

argument that Plaintiff failed to pursue in her underlying motion for summary judgment. In any event, Plaintiff concedes that the ALJ himself addressed this purported inconsistency in his decision, explaining that "[e]ven though the claimant has reported no difficulty with memory or concentration, she has reported fatigue as a side effect of her medication and stress from her domestic issues, which could affect her focus." (*Id.*) Plaintiff fails to explain why the ALJ's recognition of a moderate limitation to account for Plaintiff's fatigue and stress should preclude the ALJ from discounting the opinion of a physician's assistant that Plaintiff's deficits in attention and concentration due to pain and other symptoms were so severe as to interfere with her performance of even simple tasks. Simply stated, there is nothing incompatible in these findings.

As her fifth and final objection, Plaintiff argues that the ALJ improperly discounted the opinion of Dr. Alan Silber. The Magistrate Judge thoroughly addressed this question in the R & R, (*see* R & R at 28-30), and Plaintiff once again has failed to identify any alleged deficiencies in this analysis.[6] As explained

---

[6] Moreover, Plaintiff again seeks to raise new arguments in support of this objection, contending (i) that the similarities in the opinions of Ms. Boyd and Dr. Silber suggest — for reasons not explained by Plaintiff — that these opinions must be supported by objective medical evidence; (ii) that Dr. Silber's opinion is supported by evidence of Plaintiff's knee condition and the treatment provided for this condition; (iii) that this opinion likewise is supported by evidence of Plaintiff's decreased grip strength; and (iv) that the ALJ failed to perform the treating source analysis called for under 20 C.F.R. §

by the Magistrate Judge, Plaintiff's mere citation to evidence that she suffers from certain conditions and experiences pain during certain activities does not suffice as the requisite objective evidence "demonstrating the allegedly disabling effects" of Plaintiff's conditions and pain. (R & R at 30.)

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's August 4, 2015 objections (docket #20) to the Magistrate Judge's R & R are OVERRULED, and that the Magistrate Judge's July 22, 2015 Report and Recommendation (docket #19) is ADOPTED as the opinion of this Court. IT IS FURTHER ORDERED, for the reasons stated in the R & R as supplemented by the rulings in the present order, that Plaintiff's February 3, 2015 motion for remand (docket #14)

---

404.1527(c) and the corresponding case law. The Court declines to address these issues that were not presented for consideration by the Magistrate Judge.

is DENIED, and that Defendant's March 4, 2015 motion for summary judgment (docket #17) is GRANTED.

s/Gerald E. Rosen
United States District Judge

Dated: March 25, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 25, 2016, by electronic and/or ordinary mail.

        s/Julie Owens
        Case Manager, (313) 234-5135